[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR ORDER TO SHOW CAUSE (#161) AND MOTION TO MODIFY INJUNCTION (#162)
This case comes to this court wherein the plaintiff seeks a modification of a temporary injunction issued by the Honorable William Lewis on April 13, 2000. In the motion to modify, which is Pleading #162, the allegation is that since the Memorandum of Decision issued by Lewis, J., the plaintiff has found the by-laws of the defendant corporation, Surface Techniques. Mr. Purcell found the alleged by-laws on September 13, 2000 at the corporate office in Mr. Vogt's desk. The claim is that those by-laws conclusively prove that there is no restriction on the transfer of stock as alleged by the defendant. A hearing was held on that issue.
The court finds, that the plaintiff has failed to prove by a preponderance of evidence that the by-laws introduced as Defendants' Exhibit A of the October 12, 2000 hearing, and Plaintiff's Exhibit #1 from the October 2, 2000 hearing (with yellow sticky) are, in fact, the current by-laws of the Corporation. The testimony of corporate counsel W. James Cousins Jr was that he did not have the original documents. (Note, the plaintiff does not have the original documents either, only the copy). The testimony of Attorney Cousins was that when there were restrictions on the transfer of stock, they would be included in a shareholder agreement or in a buy/sell agreement. Stock restrictions would not be contained in the by-laws or the Articles of Incorporation. Normal stock restrictions would require that the stock first be offered back to the company, if the company chose not to buy it, then the stock would be offered pro-rata to all of the remaining shareholders. He had a recollection that at the time that the plaintiff became an owner of the company, there was a certificate to change the corporate name and other corporate documents. On the issue of the transfer of the stock, his recollection was assisted by the fact that when Mr. Purcell approached him concerning the transfer of the stock from Mr. Stephan, it was indicated that this was not to be disclosed to others. He saw potential CT Page 12649 conflict and decided not to be involved in it. The witness' recollection was that Mr. Stephan had the original records.
The defendant Richard Vogt testified and he indicated that he did not have the original documents either, but he claims that he owns 50% of the company. His recollection is that there were new documents created when the name was changed. At that time there were documents indicating that a sale to outsiders was not permitted, only to each other equally or back to the company.
It appears that at best, the plaintiff has proven that this copy of the by-laws was found in the defendant's file with a yellow sticky on it.
Accordingly, the court denies the Motion to Modify the Order of Lewis, J.
KARAZIN, J.